# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAUDON JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV414-235 |
| | ) | |
| CEDRIC TAYLOR, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Convicted and life-sentenced by a state court for armed robbery, Jaudon Johnson petitions this Court for 28 U.S.C. § 2254 relief. Doc. 1. This Court is preliminarily reviewing it under Rule 4 of the Rules Governing Section 2254 Cases.

## I. BACKGROUND

Johnson was tried in front of a jury. When it reached its armed-robbery verdict, he asked that it be polled.[1] That's where the one issue

---

[1] As has been explained:

> The purpose of polling the jury "is to insure that each member of the jury assents to the verdict, and for the court to discern possible coercion." *Benefield v. State*, 278 Ga. 464, 466, 602 S.E.2d 631 (2004). This Court has "held that the questions, 'Was that your verdict?' and 'Is it now your verdict?' meet the minimum requirements of the defendant's right to a poll of the jurors." *Id.* at 465, 602 S.E.2d 631. Voiced reservations do not prevent a verdict from being

that he ultimately raised on his direct appeal originated. Doc. 14-53 at 10.[1] He highlighted this moment:

> CLERK: Ronisha Price, you have heard the verdict read. Was this your verdict then?
>
> JUROR. No.
>
> THE COURT: Ask the next question.
>
> CLERK: Is this your verdict now?
>
> JUROR: Well, it is my verdict now but it wasn't my verdict then.

Doc. 14-53 at 10-11. The clerk then polled the remaining jurors; they answered yes to the "then and now" questions. The trial judge then examined Price directly:

> THE COURT: Ms. Price?
>
> JUROR: Yes, sir.
>
> THE COURT: You've indicated that this is your verdict now but it was not your verdict then. *Then* indicates prior to you coming into

---

free and voluntary and unanimous. *Rouse v. State*, 265 Ga. 32(3), 453 S.E.2d 30 (1995).

*Cartwright v. State*, 291 Ga. 498, 501 (2012).

[1] For this and all other documents the Court is citing only to the page numbers imprinted on the top of each page by the Court's docketing software, and not the individual manuscript's pagination.

the jury room (sic).² Did you agree to this verdict before coming in here, ma'am?

JUROR: I'm sorry, will you repeat?

THE COURT: You indicated that this is your verdict now but it was not your verdict then. *Then* indicates prior to you coming into the jury room (sic). Did you agree to this verdict before coming in here.

JUROR: Yes.

*Id.* at 13 (emphasis added).

The trial judge then sent the jury back into the jury room and heard argument. Johnson's attorney questioned the result, concluding: "I'm not sure what she meant when she said it's her verdict now." Doc. 14-53 at 14. The prosecutor responded: "It wasn't her verdict at some point during deliberations, but it was her verdict now before she walked back into the courtroom. And that she had agreed to the verdict and had agreed to it." *Id.* Noting Price's hesitancy, the trial judge ruled: "The pivotal point is that once all twelve of them came out of that room they had an agreement about what the verdict was." *Id.* at 15. He thus accepted the verdict but invited a new trial motion if a post-verdict interview with Price bore fruit. *Id.* at 16-17; doc. 17-54 at 1-3.

---

² The court reporter evidently inserted the "(sic)" to indicate that she thought the judge must have meant *courtroom*. The judge's next sentence corroborates that.

3

In a new trial motion Johnson (via new counsel) cited no such fruit but argued that the judge erred by failing to send the jury back for further deliberations until they could return with a unanimous verdict. Doc. 14-55 at 3-5. He thus requested a new trial, *id.* at 6, which the court denied. Johnson raised just that one issue on direct appeal and cited only state-law grounds. Doc. 14-56 at 4-11. The Georgia Court of Appeals ruled on state-law grounds -- it applied *Benefield v. State*, 278 Ga. 464 (2004). Doc. 14-56 at 2-3; *see also Benefield*, 278 Ga. at 466 (where one juror, during jury poll in criminal case, responded "No" to the question whether the published verdict was the verdict in the jury room, there was no verdict, and the jurors should have been returned to the jury room for further deliberations, even in the absence of a motion from the defendant, and even though juror later responded "Yes" when asked whether published verdict was "now your verdict").

Johnson re-raised the issue before the state habeas court. That court denied it procedurally. Doc. 14-58 at 2 ("[T]his ground is precluded

from relitigation in habeas corpus."). The Georgia Supreme Court dismissed his appeal from that ruling as untimely filed.[3] Doc. 14-60.

## II. ANALYSIS

In Ground One, Johnson re-presents his jury-poll claim but makes no effort to record-cite the state court rulings (including the state habeas court's), nor plead facts and otherwise show their unreasonableness required by 28 U.S.C. § 2254(d).[4] His claim fails on those grounds alone. It also fails because his contentions go to the proper application of state,

---

[3] "Georgia habeas petitioners are required to obtain a certificate of probable cause from the Georgia Supreme Court before appealing a superior court decision denying relief. O.C.G.A. § 9-14-52(b)." *Hittson v. GDCP Warden*, 759 F.3d 1210, 1231 (11th Cir. 2014).

[4] Section 2254 relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Knowles v. Mirzayance*, 556 U.S. 111, 114 (2009); *Brown v. Payton*, 544 U.S. 133, 141 (2005). For that matter, "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). If the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001); *Barnes v. Sec'y, Dep't of Corr.*, 2016 WL 472631, at * 3 (M.D. Fla. Feb. 8, 2016).

not federal, law.[5] Johnson does not argue, much less show, how the claimed polling error amounted to a federal constitutional wrong. Hence, this claim fails on those grounds, too.

In Ground Two, Johnson insists that the evidence against him was insufficient. Doc. 1 at 5-6. His entire claim:

> None of the evidence at trial was direct in linking me to the said crime. Yet my codefendant words were enough to convict me. However, said individual made a number of conflicting statements for and against me.

Doc. 1 at 5.

The state habeas court ruled the claim procedurally defaulted because Johnson failed to raise it at trial and on appeal. Doc. 14-58 at 3-4. The State stands on that default here. Doc. 13-1 at 4-5. Federal law supports that. *Frazier v. Bouchard*, 661 F.3d 519, 524 (11th Cir. 2011) (under the procedural-default doctrine, a state court's rejection of a

---

[5] As explained elsewhere:

> Federal habeas relief is only available if a state prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "[F]ederal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension." *Wainwright v. Goode*, 464 U.S. 78, 83 (1983). Accordingly, a claim that only presents a question of state law is not cognizable in a federal habeas petition. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

*Rogers v. Sec'ty, Dept. of Corr.*, 2016 WL 398049 at * 5 (M.D. Fla. Feb. 2, 2016).


habeas petitioner's constitutional claim on state procedural grounds will generally preclude any subsequent federal habeas review of that claim), cited in *Butts v. Warden, Ga. Diagnostic and Classification Prison*, 2015 WL 6126830 at * 3 (M.D. Ga. Oct. 16, 2015) ("Procedural default bars federal habeas review when a habeas petitioner has failed to exhaust state remedies that are no longer available or when the state court rejects the habeas petitioner's claim on independent state procedural grounds."). Johnson has not even pled, much less shown, the cause and prejudice required to surmount it. *See Hittson v. GDCP Warden*, 759 F.3d 1210, 1229 n. 20 (11th Cir. 2014).[6]

Against this claim the State also raises, and also is legally entitled to defend, on the "second wave" default grounds illuminated in *Pope v. Rich*, 358 F.3d 852, 853 (11th Cir. 2004) (petitioner was procedurally barred from raising ineffective assistance of appellate counsel claims in his § 2254 petition, even though he raised it in his unsuccessful state habeas petition, because he failed to apply for a certificate of probable cause to appeal (CPC) that denial to Georgia Supreme Court; even

---

[6] "An ineffective assistance of appellate counsel claim may, 'if both exhausted and not procedurally defaulted . . . constitute cause' to excuse procedural default. *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010)." *Butts v. Warden, Ga. Diagnostic and Classification Prison*, 2015 WL 6126830 at * 6 (M.D. Ga. Oct. 16, 2015). Johnson has failed to show that here.

7

though a CPC grant is discretionary, such review was hardly an extraordinary remedy that prisoner could not be expected to undertake to exhaust his state law remedies); *see also Hunt v. Comm'r, Ala. Dep't of Corr.*, 666 F.3d 708, 729 (11th Cir. 2012) (postconviction ineffective assistance claim procedurally defaulted by § 2254 petitioner's failure to petition the Alabama Supreme Court for certiorari review of state habeas ruling against him). Johnson "*Pope*-defaulted" this claim by failing to timely appeal the adverse state habeas ruling on it. Nor, again, has he shown cause and prejudice to surmount that.

Finally, this claim fails because Johnson has merely "laundry listed" it -- he presents it bereft of citation to the record and any rational claim-development. Consider the meat of this claim: "However, said individual made a number of conflicting statements for and against me." Johnson simply fails to expressly identify and cite to *any* such statements, and evidently wants this Court to hunt them down and argue on his behalf. Of course, this Court does not litigate claims on behalf of *pro se* litigants appearing before it. *See Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (the habeas pleading "principles of law would mean nothing if district courts were required to

mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface in his petition. Making district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts."); *Eubank v. United States*, 2016 WL 750344 at * 2 (S.D. Ga. Feb. 25, 2016); *Bartley v. United States*, 2013 WL 6234694 at * 2-3 (S.D. Ga. Dec. 2, 2013) (§ 2255 claims bereft of argument and citation to the record may be denied on pleading-deficiency grounds alone).

In Johnson's third and final ground he faults his appellate counsel for failing to inform him of the Georgia Court of Appeals' decision in time for him to seek a writ of certiorari.[7] Doc. 1 at 6. But as the state habeas court ruled, he had no right to counsel by that juncture, doc. 14-58 at 5; *see also Gibson v. Turpin*, 270 Ga. 855, 859-860 (1999) (a defendant has a right to counsel at trial and on direct appeal of right "but no further"), cited in *Gable v. State*, 290 Ga. 81, 86 (Ga. 2011), so there is, consequently, no support for an IAC claim. Johnson has failed to show how that ruling warrants no 28 U.S.C. § 2254(d) deference.

---

[7] To show ineffective assistance of counsel (IAC), Johnson must show that appellate counsel's performance was objectively unreasonable, and that there is a reasonable probability that, but for this performance, he would have prevailed on his appeal. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000); *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991).

## III. CONCLUSION

Jaudon Johnson's 28 U.S.C. § 2254 petition should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

**SO REPORTED AND RECOMMENDED**, this __9th__ day of March, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA